In the matter of the estate of Isaac Turner on the appeal of Chester B. Turner.

*Intestacy—Construction of will—Costs.*

Intestacy as to property purporting to be disposed of by will is a question of construction for the court, and cannot be settled by the admissions of parties.

A man deeded certain property to one of his sons in consideration that the son should relinquish all right to any of his estate as heir. Afterwards, in making his will, he set apart a fund of $7000 for the support of his wife and an infant child, and further provided that when the child should become of age, he should have $2000 of the fund in lieu of all claims on the estate, except that on his wife's death he should have a distributive share of the remaining $5000 "*with the rest*" of the testator's heirs. *Held*, that this amounted to a bequest of the $5000 to the whole class of heirs and that the son to whom the deed was made was entitled to share.

Costs of a litigation to determine the right to a fund under a will may be paid out of the fund.

Case made from Kent. Submitted April 12. Decided June 7.

Appeal from a decision of the probate court denying claimant's right to share in the effects of the estate. The circuit court affirmed the order. Reversed.

*Simonds, Fletcher & Wolf* and *S. S. Babcock* for claimant appellant. A release by an heir or an advancement to him cannot bar him from participating in a general bequest unless the will so states: *Bailey v. Bailey* 25 Mich. 185; where there is total testacy it is not questioned that a legatee cannot be compelled to account for advancements unless the will orders it to be done: *Newman v. Wilbourne* 1 Hill Eq. 10; in construing a will of doubtful meaning every fair intendment is to be made in favor of the heir-at-law: *Bender v. Dietrick* 7 W. & S. 284; it is presumed that a testator who intended to die intestate as to a portion of his estate, would have provided for the exclusion of an

heir whom he did not wish to share in that part: *Snelgrove
v. Snelgrove* 4 Desau. 274; *Linell v. Linell* 21 N. J. Eq.
81; and if he did not, the law will not: *Thompson v. Car-
michael* 3 Sandf. Ch. 141; *Black v. Whitall* 9 N. J. Eq.
579: even a clause in a will excluding an heir from partici-
pation in an estate will not prevent the heir named as
excluded, from participation in an undistributed residue:
*Hitchcock v. Hitchcock* 35 Pa. St. 393; *Crane v. Doty* 1. O.
St. 279; *Linell v. Linell* 21 N. J. Eq. 81; one cannot
release a prospective inheritance during the ancestor's life:
3 Bac. Ab. 17; 2 Sm. Lead. Cas. 624; *Edward Althams's
Case* 8 Co. 299; *Albany's Case* 1 Co. 110; *Christmas v.
Oliver* 10 B. &. C. 181; *Lawrence v. Lawrence* 2 Vern.
365 note; *Calkin v. Tomkinson* 2 M. & S. 165; *Jones v.
Perry* 3 Term 97; no title not *in esse* can pass by deed of
bargain and sale and quit claim: *Jackson v. Wright* 14
Johns. 193; *Dart v. Dart* 7 Conn. 250; *Blanchard v.
Brooks* 12 Pick. 47; *Somes v. Skinner* 3 Pick. 61; *Hast-
ings v. Dickinson* 7 Mass. 155; *Edwards v. Varick* 5
Den. 664; *Frink v. Darst* 14 Ill. 304; nothing passes
by a conveyance of land of which the grantor is only heir
apparent: *Davis v. Hayden* 9 Mass. 514; *Hall v. Chaffee*
14 N. H. 216; a release purporting to convey one's right of
expectancy or possibility of inheritance or possession, will
not affect the grantor's title subsequently acquired: *Brown
v. Jackson* 3 Wheat. 449; *Doe v. Reed* 5 Ill. 117;
*Tooley v. Dibble* 2 Hill 641; *Jackson v. Winslow* 9
Cow. 13; *Jackson v. Peck* 4 Wend. 300; *Jackson v.
Waldron* 13 Wend. 178; *Needles v. Needles* 7 O. St. 445;
where advancements are accompanied by releases, the
releases must be unambiguous: *Power's Appeal* 63 Penn.
St. 443; *Miller's Appeal* 31 Pa. St. 337; the law of advance-
ment applies only to estates entirely intestate: 2 Bac. Ab.
430; 3 Redf. on Wills 430; 2 Williams Ex'rs § 1608; 1 Wait's
Actions 211; *Walton v. Walton* 14 Ves. 318; *Stewart v.
Pattison* 8 Gill 56; *Pole v. Simmons* 45 Md. 246; *Thomp-
son v. Carmichael* 3 Sandf. Ch. 120; *Greene v. Speer* 37 Ala.
532; *Newell's case* 1 Browne (Pa.) 311; *Miller v. Miller*

1 Patt. & H. 395; *Richmond v. Vanhook* 3 Ired. Eq. 581; *Jenkins v. Mitchel* 4 Jones' Eq. 207; *Sinkler v. Sinkler* 2 Desau. 139.

*Reeves & Felker* for contestants. The release of an heir's expectancy has been upheld as valid where it was made, by ·express agreement, in consideration of money given him beforehand in full satisfaction of his share of the estate: *Bishop v. Davenport* 58 Ill. 105; *Quarles v. Quarles* 4 Mass. 680·; *Kenney v. Tucker* 8 ib. 143; *Fitch v. Fitch* 8 Pick. 479; *Nesmith v. Dinsmore* 17 N. H. 515; *Parsons v. Ely* 45 Ill. 232; Story's Eq. Jur. § 1040 *b*; ·children who received advancements in the life time of the testator were compelled to account therefor on the division of the property undisposed of by will: *Pearce v. Gleaves* 10 Yerg. (Tenn.) 359; *Norwood v. Branch* 2 (N. C.) Law Repository 598; as to whether a person can so deal with an ·expectancy as to bar him from any claim thereto, see *Hobson v. Trevor* 2 P. Wms. 191; *Beckley v. Newland* id. 182; *Wethered v. Wethered* 2 Sim. 184; *Harwood v. Tooke* id. 193; *Lewis v. Madisons* 1 Munf. 303; *Parsons v. Ely* 45 Ill. 232.

GRAVES, C. J. This is a case made after judgment. The parties agreed on a state of facts which the court embodied in a finding.

The question involved is whether the appellant is entitled to share in a particular fund or is cut off by advancement. His father Isaac Turner died on the 6th of March, 1879, leaving eight children including appellant. He left a will a copy of which is given below.* Whether his wife sur-

---

* I, Isaac Turner, of the city of Grand Rapids, Kent county, and State of Michigan, being of sound mind and memory, and being desirous of disposing of my property, money, and effects according to my own best will and judgment, and now while in comparative health and in possession of my full faculties of mind, to make such provision for my wife Elizabeth Miller Turner, and my infant son Isaac, as I deem best, I do therefore make and declare this to be my last will and testament.

*First.* I give and bequeath to my said wife Elizabeth Miller Turner, the use of lot six, and ten feet off from the north side of lot seven, that is to say, a strip of land ten feet in width north and south, and extend-

vived him and if she did whether she is still living is not
stated in the record; and there is nothing express touching
the probate of the will. The litigants and the court below
have virtually assumed that the facts in regard to these
matters are such that the issue on the question discussed
is left by them in the very shape in which the discussion
regards it.

About two years before the date of the will the testator
and his wife conveyed to appellant a lot in Grand Rapids
and the deed set out the consideration as $300 cash " and the
relinquishment of all right or title to any of the estate of
Isaac Turner as HEIR or otherwise." This property was
worth $1700 in excess of the cash consideration of $300,
and the appellant immediately sold his interest for $2000 in
money. The share which would result to each of the other
children of the fund in controversy,—$5000,—in case of
appellant's exclusion would not exceed about $1400. The

---

ing the whole depth of the lot, all being in block 4, of Scribner & Turn-
er's addition to the city of Grand Rapids, together with the house and
barn thereon, being the homestead, for the term of and during her
natural life, and the use of seven thousand dollars from the date of my
decease until my said infant son Isaac shall arrive at the age of twenty-
one years, upon condition that she clothe, maintain, and educate said
Isaac during said time: the said seven thousand dollars to be invested by
my executor as my said wife Elizabeth shall direct, providing the pro-
bate court shall deem the investment safe and judicious.

And the said lot six, and ten feet off from the north side of lot seven,
all in block four, Scribner & Turner's addition to the city of Grand
Rapids, after said Elizabeth shall have had the use as aforesaid, I give
and devise to my said infant son Isaac Turner, his heirs and assigns,
together with all the hereditaments and appurtenances thereunto belong-
ing, to have and to hold the premises above described, (being the home-
stead), to the said Isaac Turner, his heirs and assigns, forever.

I also give and bequeath to my said wife Elizabeth Miller Turner, all
the household furniture, tools, implements, harnesses and carriages of
which I shall be possessed.

When my said infant son Isaac shall become twenty-one years of age,
I give and bequeath to him the sum of two thousand dollars, and direct
my executor to then pay him said sum of two thousand dollars.

I also give and bequeath to my wife Elizabeth Miller Turner, the use
of the sum of five thousand dollars from the time when my said son
Isaac shall become twenty-one years of age until her death, the said sum of
five thousand dollars to be invested by my executor, under her direction,
with the restrictions of the probate court as to its safety, as hereinbefore
provided in regard to the seven thousand dollars, and at her death said
five thousand dollars to revert to my estate.

In case of the death of my said wife Elizabeth before my said son
Isaac shall become of age, that is to say, twenty-one years of age, then

court below concurred with the court of probate in holding against the right of appellant to participate in the fund, and he excepted to the decision.

The parties in making up the case have expressed their assent to the proposition that an intestacy existed in regard to the fund in question, and the court seems to have assumed this to be so, and therefore that the specific property was open to the doctrine of advancement, which the deed was deemed sufficient to call up. Whether the fund referred to is intestate is a question of construction and not a matter of fact, and the court must act on its own views of the law. The admissions of the parties are not entitled to control.

There can be no doubt that the grant made to appellant must have operated as an advancement in case the grantor had so elected. But he was not bound to leave it to have that effect. He could not recall what he had given, but his power over his remaining property was plenary and he could

---

I give and bequeath to my said son Isaac money enough which added to the net proceeds of the yearly rent of the house or homestead, situated on said lot 6 and 10 feet off from the north side of lot seven of block four of Scribner & Turner's addition to the city of Grand Rapids aforesaid, after taxes and necessary repairs are deducted, shall make and constitute the sum of three hundred dollars per year, for his maintenance and education, until he shall arrive at twenty-one years of age, but no more than the probate court shall deem to be sufficient, shall be paid by his guardian or my executor for his said yearly maintenance and education out of said sum of three hundred dollars per year; and whatever, if anything, is saved from said sum of three hundred dollars per year shall, together with interest thereon, be paid to said Isaac at the time he becomes twenty-one years of age, in addition to the said sum of two thousand dollars hereinbefore provided.

And I further direct and declare, that the legacies hereinbefore described and named, shall be received by said Elizabeth in lieu of all dower in my estate, and that said legacies to said Isaac shall be received in lieu of all claims to heirship of any of my property, except to the amount of his share in the five thousand dollars which said Elizabeth Miller Turner is to have the use of from the time of said Isaac becoming of the age of twenty-one years, until her death; and he is to have said interest in five thousand dollars, with the rest of my heirs, even if said Elizabeth shall die before the said Isaac becomes twenty-one years of age.

And lastly, I hereby make, appoint, declare and constitute my said wife Elizabeth Miller Turner and Alfred S. Richards and Andrew J. Reeves, all of the city of Grand Rapids, Kent county, Michigan, executors of this my last will and testament, hereby revoking all former wills by me made.

In witness whereof, I have hereunto set my hand and seal the fifth day of June, A. D. 1876.

ISAAC TURNER. [L. S.]

bestow it according to his own views of propriety and without regard to the notions which others might entertain. It was in his power to waive or disregard his original purpose and to select the appellant as the object of further bounty, and we think he did this by the will before us. We find on the face of the will very satisfactory evidence that he did not intend to die intestate as to any part of his property, and we also find what we consider a distinct disposal of the fund of $5000 to a class of which the appellant is a member. In the foreground of the will and by way of preamble to the intended dispositions we find him declaring his desire to dispose of his property, money and effects according to his own will and judgment and we see him following this declaration by gifts which to all appearance covered his whole fortune. No exception is expressed or implied. His object was not to merely dispose of some share or portion; but of his "*property, money and effects*"—that is to say, whatever he possessed, and there is no ground of inference that this object was departed from. He was chiefly solicitous about his wife and his son Isaac, and he set apart $7000 as a source of income for their benefit during the minority of Isaac, but provided that $2000 should be withdrawn and given to Isaac on his coming of age and that his wife should have the use of the remaining $5000 during her life. In the event of her death during Isaac's minority another course was provided.

But the testator took care to manifest his will in regard to the final disposition of the $5000. He ordered that on his wife's death it should revert to his estate, or in other words be subject to his further disposition, and such further disposition is disclosed near the end of the will. He there states it to be his will that his gifts to Isaac shall be received in lieu of all claims except to the amount of his share in the $5000, and that he is to have said interest, or in other words his share in the $5000, with *the rest* of the testator's heirs.

This provision is fairly open to only one construction. It is a gift of the $5000 to the persons answering the descrip-

tion of heirs. *Smith v. Butcher* 10 Ch. Div. 113 : 26 Eng. 558. The bequest is to the whole class and the appellant is included. Such is the proper sense of the language and framework adopted by the testator, and the court has no right to depart from it in the pursuit of some theory supposed to be more equitable in its consequences. The result is that the appellant is entitled as legatee under the will to an equal one-eighth of the fund of $5000.

The orders made by the courts below must therefore be reversed and one entered here in conformity with this opinion, and the costs will be paid out of the fund and the clerk will certify the determination to the said courts respectively.

The other Justices concurred.