Burket, J.
(dissenting).
I concede that under the conditions of the bonds, it was the right of the railway company to have the question as to whether or not the injunction ought to have been granted, decided by the court, and that this right would continue until waived by agreement of the parties.
The right to have the court decide whether the injunction ought to have been granted or not, is a right which may be waived by the parties and chang’ed by contract. In civil eases any right may usually be waived unless otherwise provided by statute. A party whose insured property is destroyed by fire has a light to have the value thereof ascertained by a court and jury, yet this right may be waived by agreement of the parties in the policy, to the effect that such value shall be fixed by appraisers or arbitrators, and such agreements are held valid and conclusive. Hamilton v. Insurance Company, 136 U. S., 242.
The rig’ht to a trial by jury may be waived, and even the unconstitutionality of statute may be waived. Tone v. Columbus, 39 Ohio St., 281.
*132 In this case the parties, by their agreement, submitted all the issues of law and fact to the arbitrators for their decision and determination, and bound themselves to stand by and perform their award, and agreed that the submission award and its performance should not in any way impair the liability of the railway company upon the bond, and thereby the parties waived a decision of the merits of the case by the court, and agreed that the decision should be by the arbitrators-.
A decision of the merits of the case is necessarily a decision as to whether the injunction ought to have been granted or not, because injunctions ought to be granted only in cases wherein the plaintiff succeeds on the merits. ■ A decision on the merits in favor of the defendant, is a decision that the injunction ought not to have been granted. An injunction is always granted to remain in force until otherwise ordered, and when the case is decided in favor of the defendant it is by force of the judgment of its own vigor otherwise ordered, without saying anything about the injunction or the dissolution thereof, although the usual and better practice is to dissolve the injunction by specific order in the judgment entry. Such is the effect of the holding by this court in Roberts v. Dust, 4 Ohio St., 502. In that case there was a decision on the merits of the ease in favor of the defendant and nothing was said as to the injunction, and yet this court sustained a recovery on the injunction bond. In Hoyt v. Carter, 7 Howard Pr., 140, it was held that a dismissal of the action by the court, was of its own force a disposition of the injunction.
*133 So that while the submission says nothing about submitting to the arbitrators- the question as to whether or not the injunction ought to have been granted, that question was necessarily included within the merits of the ease — “the issues of law and fact” — and was necessarily submitted therewith, and was necessarily passed upon and decided by the award. The rule that the greater, includes the less, is here applicable. An injunction is one of the provisional remedies provided for in division six of the Practice Act in the Revised Statutes, and such provisional remedies are incidents to actions in which they are allowed, and a disposition of the action on its merits necessarily disposes of the merits of the incident, because the incident can not survive the final disposition of its principal, unless by special order, as is sometimes done, some question of the incident is retained for future disposition and decision,. as in the case of the final distribution of funds in the hands of a receiver. But the usual and better practice is to dispose of the merits of the provisional remedy in the same entry with the final judgment on the merits and as-a part thereof, as is usually done in cases of attachment. When the incident is disposed of with the principal in -the same entry, the judgment as to the incident is of as much binding force as the judgment as to the principal.
The submission was in writing, and the question as to whether thereby the matter of the injunction was submitted to the arbitrators, was a question of law to be determined by a construction of the legal effect of the submission itself, and this construction could not be varied, altered or changed by the averments or. admissions of the parties in their pleadings. Properly construed the submis *134 sion carried the merits of the whole controversy to the arbitrators, which necessarily included the merits of the injunction; and the award when it decided the merits of the case, necessarily decided the merits of the injunction included therein. And this result was not and could not be changed by the averment on one side, and the admission on the other, that the question as to whether the injunction ought or ought not to have been granted, was not submitted to, nor decided by the arbitrators. Turner’s Appeal, 48 Mich., 389; S. C. 12 N. W. Rep., 493. This averment and admission contradict the legal effect of the submission and award, and cannot be true,- and should be disregarded.
A decision by a court having been thus waived, and a final decision procured by a board of arbitrators agreed upon, it can not be fairly said that the question as to whether the injunction should have been granted or not is still open and undecided. The contracts contained in the bond and in the submission, were as to the principals, two written contracts as to the same case and same subject-matter, and should be construed together, and when so construed the submission modified the conditions of the bond, to the extent that the whole merits of the case, including the injunction, should be decided by the arbitrators, and by the award this question was fully decided, and it matters not to this court whether it was decided right or wrong. It was just as competent for the parties to stop with the decision of the question by the arbitrators, ;as to stop with the decision of the common pleas court. A judgment need not be reviewed and passed upon by a higher court to make it binding. A release of errors and the right of appeal, while *135 it cuts off the right of review iu a higher court, does not invalidate or weaken the force of the judgment, even though it should appear upon looking into the judgment in a collateral proceeding, that there was error therein. The conditions of the bond have therefore been broken, and the contingency upon which the damages were to be paid has arisen. By the court agreed upon and selected by the parties —the arbitrators — it has been decided that the plaintiff had no cause of action against the defendant, and therein was included a decision that the injunction ought not to have been granted. This decision the railway company bound itself to stand to and perform, and it can not now be heard to say, or even suggest, that there was error in that decision. As between the parties that decision is conclusive, and is a final determination of all their rights.
In none of the cases cited was there an agreement that the submission, award and its performance, should not impair the liability of the plaintiff on the injunction bond, and for that reason those cases are not applicable here.
After the award of the arbitrators was made, the case was disposed of in the court of common pleas by the entry of the following judgment:
“This day came the parties by their attorneys, and by consent showed to the court that on the 11th day of July, 1888, the parties submitted all the facts and issues joined in the pleadings in this case to the arbitrament and award of James C. Carter, Esq., of New York, and E. W. Kittredge and Lawrence Maxwell, Jr., Esqs., of Cincinnati, Ohio, and that said arbitrators having heard the parties and their counsel and all the evidence that they had to submit in the case, and *136 carefully aud fully considered the same, did on the 17th day of September, 1888, award and decide that the plaintiff has no right to any relief from the defendants or either of them; that this suit, be dismissed at plaintiff’s costs, and the plaintiff be forever barred from hereafter prosecuting-any other action against the defendants, or either of them, for any of the same causes of action. Thereupon the plaintiff, in pursuance of said 'submission and award, duly dismissed its said petition and action. By the agreement of the parties no record shall be made in said action, except at the request of some one of the parties and at the cost of the party requesting it, and by like agreement reference may be had and use made of the pleadings and journal entries and all other documents properly matter -of record the same as if said proceedings were duly recorded, and thereupon, upon motion, it is ordered and adjudged that the injunction which was granted in this action while the same was pending in the court of common pleas of Franklin county be vacated, dissolved and dismissed, and that the plaintiff pay the costs of this action and of all the proceeding’s in this action in this court and in the court of common pleas of Franklin county, and in default of payment execution issue.
It will be noticed by reading- this final judgment entry, that the fact of submission and the result of the award, were shown to the court by consent of the parties, that there was an agreement as to the final record and the use of the files in the case, that the dismissal of the action was by the plaintiff, in pursuance of the submission and award, that nothing- appears in the entry as to whether the defendant consented to the
*137 dismissal or not, that the injunction was dissolved by the court on motion of defendant.
There are many cases which hold that if the case is settled or disposed of by agreement of the parties, that an action on the injunction bond cannot be sustained; and a dismissal of the action by mutual consent of both parties may be included in the principle of such cases, but I doubt it. By the dismissal, the plaintiff concedes that he has no cause of action against the defendant, and where there is no cause of action there can be no cause for an injunction. The defendant, by consenting, agrees with the plaintiff that there is no cause of action, or cause for injunction in favor of the plaintiff against the defendant. The legal effect of such dismissal is, therefore, the equivalent of a determination by the court, upon the confession of the parties, that there existed no cause of action and that the injunction ought not to have been granted. To shield a plaintiff from an action on the bond, the dismissal must be in the nature of a compromise, and that fact must appear of record.
I think that when closely examined, none of the cases conflict with this theory, and if any of them do, I should refuse to follow them, because they cannot be sustained on principle.
But in the case under consideration, it does not even appear that the dismissal was by consent or agreement of the parties. The record of the final judgment entry shows that the railway company itself .dismissed the action. The reason that it gives for the dismissal is not that the defendants consented thereto, but it is ‘ Hn picrsuance of said submission and a/wa/rd.” This is the only reason disclosed by the record, and we can not look out *138 side of the record for another or different reason. No consent of defendants to such dismissal is found in the submission or award. The. submission is silent as to the dismissal, and the award directs the plaintiff to dismiss its action, and says nothing about the defendants consenting thereto, so that when the plaintiff dismissed its action, it did it not because the defendants consented, but because the plaintiff had bound itself to stand to and perform said award, and this is expressed in the judgment entry, wherein plaintiff says that the dismissal is in pursuance of said submission and award. If the dismissal had been by reason of the consent of the defendants, that fact should and would have been stated in the judgment.
'Suppose that upon a trial of the case to the court upon the merits, the court should find in favor of the defendant, and he should accept such decision in his favor and join with the plaintiff in putting on a journal entry dismissing the case. If the judgment entrj in such case should recite that the court found the facts and equities in favor of the defendant, and that thereupon the plaintiff in pursuance of such findings dismissed his action, it could not be said that defendant consented to such dismissal, and that he was thereby precluded from sustaining an action on the injunction bond. Such construction of the record is not sustained by any of the cases cited, and is in conflict with all rules of construction as applied to judgments. The plain words of the judgment entry must be disregarded in order to extort therefrom a mutual consent of the parties to such dismissal.
The record, as well as the submission, shows that proceedings for the vacation of the temporary injunction were pending, and both parties agreed ■ *139 that these proceedings should not be pressed for hearing during the time to be occupied by the arbitration, and that thereafter the’defendants might apply to the court for such order concerning said injunction as they might be entitled to. This clearly shows that the defendants were insisting upon the dissolution of the injunction. When a defendant is clamoring for the dissolution of an injunction against him, and the plaintiff seeing de- . feat staring him in the face, dismisses his action, it cannot in legal reason be said that such dismissal is consented to by defendant, in the sense that it is by mutual agreement of the parties. Such a dismissal, instead of being by consent of parties, is obtained by the force and vigor of defendant’s motion, and the concession of the plaintiff that he has no cause of action. If it were otherwise, the defendant instead of clamoring for the dissolution of the injunction on his motion, would be compelled to withdraw his motion the moment that the plaintiff should propose to dismiss his case. The motion being withdrawn, the plaintiff might well refuse to dismiss. The motion being renewed, the proposal to dismiss would be renewed, and thus there would be a see-sawing back and forth, ad nauseam. The sensible course would be to allow the defendant, by his motion, to drive the plaintiff to a dismissal of his action, or to a- hearing of the motion as he might prefer, and award to the defendant the fruits of his effort, and not deprive him thereof by a strained construction not thought of by either of the parties. So much for the effect of the act of the railway company in dismissing its action “in pursuance of said submission and award.”
The latter part of the judgment entry purports *140 on its lace to be the action of the court. It is in these words : ‘ ‘ And thereupon upon motion, it is ordered and adjudged that the injunction which was granted in this action while the same was pend-, ing’ in the court of common pleas of Franklin county, be vacated, dissolved and dismissed^ and that plaintiff pay the costs of this action. ’ ’
This is on the face of it, and by its very words and effect, a decision by the court' vacating, dissolving and dismissing the injunction; and by all the authorities this is held to be in effect deciding that the injunction ought not to have been granted. Such an order of the court is upon the merits of the injunction, and not as in Krug v. Bishop, 44 Ohio St., 221, cited in the opinion of the majority, where, as shown by the judgment entry, the dismissal was for the reason that the plaintiff refused to obey the order of the court requiring him to bring in new parties. In that case the judgment entry showed on its face that the dismissal was not upon the merits, while in this case the judgment entry shows that it was upon the merits.
The actions taken by the parties and by the court, all take place before the judgment entry is prepared, and the judgment stands as a whole, and all therein expressed as having taken place at the same time. It cannot be held in construing judgments that what appears in the beginning or in the middle of the entry, took place in point óf time anterior to what appears in the latter part of the judgment entry. The judgment for costs at the end of the entry is, in point of time, as early as the appearance of the parties at the beginning, when the whole entry purports to be of the same day, as in this case.
A judgment is a unit. Buckingham v. Bank, 21 *141 Ohio St., 131. As such unit the whole and every part takes effect at the same instant.
The dismissal by the plaintiff, and the dissolution of the injunction by the court, occurred at one and the same instant, and as a matter of legal construction it cannot be said that the dissolution of the injunction by the court was a useless act and determined nothing, nor that the temporary injunction perished with the dismissal of the action so that there was nothing to dissolve. As the dissolution of the injunction by the court was as early in point of time as the dismissal of the action by the plaintiff, it cannot be said that the dismissal had any effect whatever upon the injunction. The injunction was dissolved by the same act of the court and at the same moment of time that the dismissal by the plaintiff was made effective by leave of the court in permitting the dismissal.
The only dismissal of an action which a plaintiff has power to make, either in vacation or term time without leave of the court, is a dismissal without prejudice. All other dismissals are required to be upon the merits, and upon the adjudication of the court. Section 5314, Revised Statutes. The dismissal in question was not without prejudice, and was therefore upon the merits. The submission and award were upon the merits, and the dismissal was, “in pursuance of said submission and award,” and was therefore also upon the merits.
That the dismissal in question could not be made by plaintiff without the permission of the . court seems to be conceded by the opinion of the majority when in speaking of the dismissal it is said:
In such case the defendant has an opportunity to insist that before the dismissal is had the court determine whether the injunction ought to have *142 been granted, so that an action may be prosecuted on the bond.” This may be true in theory, but in real practice, while a defendant might insist upon such a course, no court would stop to hear evidence for a day, an hour, or even a minute, in order to determine such question, upon or after a dismissal of the action by the plaintiff. The court would say in short order, that it would refuse to hear evidence or consider the question, but along with the dismissal by the plaintiff would dissolve the injunction, and that would show that it ought not to have been granted. It is safe to say that this is the universal course pursued by courts in such cases. The dissolution of the injunction in the judgment entry, is all that has heretofore been required, and this is always taken as conclusive of the question that the injunction ought not to have been granted.
To’ depart from the old forms in this regard, and hold that a judgment of a court dissolving an injunction does not decide and determine that the injunction ought not to have been granted, is in the nature of judicial legislation on a vital point of practice. In rendering judgment upon a trial on the merits the usual form has always been to provide for a dissolution of the injunction after that part of the judgment entry which is. in favor of the defendant on the merits. As well might it be held in such cases, as in this one, that the temporary injunction perished with the decision of the case on the merits in favor of the defendant, that there was nothing to dissolve, that the temporary, injunction could not survive the decision of the merits, and that therefore the question as to whether the injunction ought to have been granted or not was left undetermined.
*143 If the dissolution of an injunction by the court is a determination to the effect that the injunction ought not to have been granted, as has heretofore always been held, then the record shows that at, not after, the dismissal by the plaintiff, the defendant insistecV by his motion upon a dissolution of the injunction, and that the court sustained the defendant in his insisting, and dissolved, vacated and dismissed the injunction, and thereby determined in the usual form that the injunction ought not to have been granted. And yet the railway company has so far successfully taken refuge behind the point that it has not been determined that the injunction ought not to have been granted; and when the adjudication of the court dissolving the injunction in the usual and ordinary form of adjudging the question, is brought forward and insisted upon by the defendants in error, the adjudication and the record thereof are lightly swept aside, and the defendants in error are told that the adjudication, although correct in form, and upon the very point in question, “determined nothing,” that the injunction ‘ ‘was a mere incident to the action and could not survive it.” The defendants did not ask that the injunction should be " held to survive the action, but only that as both the action and the injunction were ended at the same moment and by the same judgment of the court, that the same force and effect should be given to that part of the judgment which dissolved the injunction, as to that part which permitted the dismissal of the action. A judgment is a unit, and equal force and effect should be given it as a whole and to every part thereof.
But as a final reason for disregarding the judgment of the court as to the dissolution of the in *144 junction it is said in the opinion that: “It is averred in the answer and expressly admitted by the reply, that the court took no judicial action in the dissolution of the injunction. ” At first blush this would seem to be so, but a careful consideration of the answer and reply .will show that they bear no such construction.
After setting out in its answer the said submission and award, the railway company says, “that no proceedings were had upon said award except as follows: “ That on or about the 13th day of November, 1888, in pursuance of said award and by reason of the same adjudging that said plaintiff should dismiss its said action, as aforesaid, the following order was, by agreement of said parties and at the instance of said plaintiff, duly entered of records in said court of common pleas of Licking county, as and for the final entry in said action, the same being the order partially set forth in the petition in this action, to-wit:” Then follows and is set out in full the final judgment entry as the same is hereinbefore set out. Then the answer states, in substance that said order was made in consequence of said award and only for the purpose of carrying into effect the decision thereof that plaintiff should dismiss its said action, that the part of said order dissolving said injunction was added merely for the formal dissolution of said injunction, which dissolution necessarily resulted from said dismissal of the action by the plaintiff, as incidental thereto, that said award was not submitted to the court, was not passed upon by the court, and that the question as fco whether or not said injunction was properly allowed was never in any way submitted to or considered by the court. To this answer thus con- *145 taming a full copy of the final judgment entry, the plaintiff! in that case replied as follows: “For reply to the answer of the railroad company the plaintiffs admit that no special motion for the dissolution of the injunction was ever submitted to the court, and that there has been no adjudication of said court concerning’ said injunction since the making of said award, except as setout in said answer. And plaintiffs deny the other allegations in said answer not herein admitted to be true. ”
The copy of the judgment set out in the answer, and which could not be varied or changed by averment, admission or, proof, showed that the question as to the dissolution of the injunction was on motion ordered and adjudged dissolved, vacated and dismissed. This conclusively shows submission to, and consideration by the court, and that part of the answer which is to the contrary is not admitted by the reply, but is denied by the general denial at the end thereof. The general admissions in the reply are qualified by the words “except as set out in said answer. ” And in said answer we find set out the full judgment entry which shows that there was both a motion and an adjudication as to the injunction by the court. The "judgment entry says that “upon motion it is ordered and adjudged that the injunction be dissolved. ” It could be ordered and adjudged by the court only. No one else could order and adjudge. Unless the record can be falsified and impeached, it must follow that the said ordering and adjudging was by the court and not by the parties.
The force and effect of such judgment can not be cut down, enlarged, or in anywise changed by an averment or admission in the pleading, or proof upon- the trial. Such is the uniform holding of *146 courts as to the construction of judgments, statutes and written instruments. Freeman on Judgments, section 275, and eases there cited. Black on Judgments, section 276; Kellogg v. Larkin, 3 Pinney (Wis.), 123 S. C., 56 Am. D., 164; State ex rel. v. Archibald, sheriff, 52 Ohio St., 1.
This last ease involved the construction of a statute in which it was claimed there was an error and mistake, and that the intention of the legislature was different from what appeared on the face of the statute. Averments to that effect were made in the petition, to which there was a demurrer. In the opinion appears the following: “The.demurrer does not admit the truth of the allegation as to the error or mistake, nor as to the intention of the legislature.” The syllabus concurred in by the whole court is as follows : “The force and legal effect of a statute cannot be altered or changed by averment in a pleading.”
A judgment stands upon the same plane as a statute, and when the whole judgment is set out in a pleading its force and effect can not be altered or changed by averment or admission in such pleading. In such case no averment or proof can give to a judgment a character which, on its face, it has not, and no admission can take from it the character which, on its face, it has. The force and legal effect must be determined by the judgment and record alone, unaided by averment, admission or proof.
Again, to destroy the force and effect which this judgment has on its face, by saying that the court took no judicial action in the dissolution of the injunction, is to attack and impeach the judgment in a collateral proceeding, which it is well known can not be done. The force and effect of the judg *147 ment are destroyed and brushed aside, not by a-construction of its language, but by a collateral attack founded upon the claim that it is averred in the answer and admitted in the reply, that the court took no judicial action on the dissolution of the injunction, while the copy of the judgment set out in the answer conclusively shows the contrary to be true. For these reasons, I think that the judgments of the courts below are right and. should be affirmed.
Shauck, J., concurs in this dissenting opinion.